*Robert C. Thompson*, Assistant District Attorney, for the Commonwealth.

RODNEY ARMOUR *vs.* COMMONWEALTH. June 2, 1995. *Larceny. Statute,* Amendment.

This is an appeal from a decision of a single justice denying a complaint in the nature of mandamus pursuant to G. L. c. 249, § 5 (1992 ed.), of Rodney Armour, whom we shall call the defendant. The complaint is based on the contention that the defendant's incarceration for a violation of probation was improper because the statute under which he had been convicted, G. L. c. 266, § 30, as amended through St. 1987, c. 24, § 1, (larceny over $100) had been amended at the time of his sentencing to larceny over $250. See St. 1987, c. 468, § 1. The mere fact that the statute under which the defendant was convicted was later amended so as to be more favorable to other persons than the law applied to the defendant does not invalidate the original statute. *Commonwealth* v. *Purdy*, 408 Mass. 681, 685 (1990). Furthermore, the Commonwealth contends, and the defendant does not dispute, that the amount of the defendant's larceny far exceeds the larger sum specified in the amended statute.

*Judgment affirmed.*

*Rodney Armour*, pro se, submitted a brief.

MASSACHUSETTS MUNICIPAL WHOLESALE ELECTRIC COMPANY *vs.* TOWN OF DANVERS. July 24, 1995. *Practice, Civil*, Summary judgment. *Electric Company. Public Utilities*, Electric company, Sale of electric power.

We granted further appellate review of the Appeals Court's decision, pursuant to rule 1:28, see 37 Mass. App. Ct. 1106 (1994), reversing the Superior Court's allowance of the Massachusetts Municipal Wholesale Electric Company's (MMWEC) motions for summary judgment on counts of promissory estoppel and breach of material representations. We conclude that summary judgment was proper.

"[A] party moving for summary judgment in a case in which the opposing party will have the burden of proof at trial is entitled to summary judgment if he demonstrates, by reference to material described in Mass. R. Civ. P. 56 (c), [365 Mass. 824 (1974),] unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party's case. . . . That showing having been made, the plaintiff was required to respond by 'set[ting] forth specific facts showing that there is a genuine issue for trial.' Mass. R. Civ. P. 56 (e)." *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991).